UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL GOINS, # 302385, | ) | C/A No.: 4:14-3282-RMG-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| LARRY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* Petitioner filed a petition for writ of habeas corpus on August 15,

2014, pursuant to 28 U.S.C. § 2254[1]. Respondent filed a Motion for Summary

Judgment along with a return and memorandum on March 6, 2015. (Doc. #24). The

undersigned issued an order filed March 9, 2015, pursuant to Roseboro v. Garrison,

528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion for Summary

Judgment procedure and the possible consequences if he failed to respond adequately.

Petitioner filed a response on April 16, 2015. (Doc. #30).


**PROCEDURAL HISTORY**

Petitioner is an inmate in the custody of the South Carolina Department

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

of Corrections (SCDC) serving a twelve-year sentence for assault with intent to kill. As of March 6, 2015, Petitioner's projected max-out date is December 14, 2019.

Respondent submitted a copy of the SCDC Incident Report dated November 8, 2013 stating that "Lt. Wilson and myself (Sgt. R. Blackburn) gave inmate Brawner his legal boxes. When we unrestrained him and shut his door, I noticed Inmate Goins with his penis in his hand." (Doc. #24-6, Exhibit D). Respondent also attached a copy of the SCDC Disciplinary Mental Health Statement which indicated that Plaintiff was charged with offense 854-masturbation on November 18, 2013, at approximately 10:45 pm and that "although classified as Mentally Ill, was able to understand the nature and quality of the act committed." (Doc. #24-5, Exhibit C). Further, Respondent attached a copy of the transcript of the disciplinary hearing dated December 3, 2013, stemming from charge: 854-Exhibitionism and Public Masturbation. (Doc. #24-4, Exhibit B). Petitioner pleaded not guilty at the disciplinary hearing and was represented by Counsel Substitute Buttrey. Id. (Doc. #24-2, Exhibit B). Based on the record, Petitioner was charged on November 8, 2013, with charge 854, "Exhibitionism and Public Masturbation," defined in SCDC policy as: (1) Engaging in acts of indecent and/or unnecessary exposure of genitals or other private body parts to a staff member or other person; or (2) engaging in acts of

2

masturbation or any manual stimulation of one's exposed or unexposed genitals in a public setting, or in the view of a staff member or other person." Id.  The charging official, Sergeant R. Blackburn, was present by speaker phone at the request of Petitioner. (Id. at 2).  The hearing officer found Petitioner guilty and sanctioned him with, among other things, nine days of loss of good time credit.

Petitioner appealed his conviction on December 9, 2013, by filing a Step One grievance, grievance number 2128-13 (Respondent's Exhibit E).  In this Step One grievance, Petitioner asserted that his counsel substitute was ineffective and that he had been set up. (Id.). Petitioner argued that the officers could not have seen him from their vantage point and that document evidence would show he was in bed sleeping during the time of the alleged incident. (Id.). The Warden denied the grievance stating "[y]ou were given the opportunity to make a statement in you [sic] own defense but chose to only say 'I didn't do it.' Ms. Buttrey did ask the questions you submitted to Sgt. Blackburn and also to Lt. Wilson. Lt. Wilson verified the statements of Sgt. Blackburn." (Id. at 2). Also, the Warden indicated he had reviewed all of the pertinent information, and this was Petitioner's seventh conviction for 854. Petitioner appealed the Warden's decision by filing a Step Two grievance posing essentially the same arguments. The SCDC denied the Step Two grievance on February 3, 2014. (Respondent's Exhibit F ). Petitioner attempted to appeal the Step Two decision to

the South Carolina Administrative Law Court (SCALC), but, due to having already

filed three appeals a during the calendar year, the court would not docket the case

without the required $25.00 filing fee. (Respondent's Exhibit G). The filing fee was

not filed and the SCALC did not rule on the merits of the appeal. Petitioner appealed

to the South Carolina Court of Appeals which dismissed the appeal on May 21, 2014,

stating that the SCALC's memorandum notifying Petitioner of the 25.00 fee

requirement "is not a final order." (Respondent's Exhibit H). The court of appeals

denied the petition for re-hearing on June 30, 2014, and the remittitur was sent to the

SCALC on August 14, 2014. (Respondent's Exhibits I and J). [2]

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:    Violation of Due process rights at an prison
disciplinary hearing.

---

[2] The South Carolina Supreme Court has outlined the proper course to exhaust state remedies. A state prisoner must use SCDC's hearing and grievance procedure to challenge a "disciplinary outcome, calculation of sentence-related credits, custody status, or other condition of imprisonment." Al–Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742, 753 (S.C.2000). An inmate may seek review of [SCDC's] final decision by an administrative law judge ("ALJ") in the SCALC. "The ALJ sits in an appellate capacity to review [SCDC] decisions." Al–Shabazz, 527 S.E.2d at 754. To obtain judicial review of the ALJ's final decision, the inmate may file an appeal with the South Carolina Court of Appeals and then with the South Carolina Supreme Court. S.C.Code Ann. § 1–23–610, Rule 242, SCACR. In this case, Respondent has not argued that the case is procedurally barred from federal habeas review.

<u>Supporting Facts</u>: One of an prisoners due process rights is to have witnesses present at the hearing. I requested my witness, Lt. Wilson, to be present and gave questions for my witness to be asked. My witness was not present nor asked any of my questions. I asked for my documented evidence to be present at my hearings which is also an due process right, but the evidence was never presented. My counsel substitute was ineffective in this case.

(Petition).

## Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. <u>Id</u>. at 255.

## Standard of Review

5

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

Petitioner appears to allege ineffective assistance of counsel substitute for not having his witness present, asking the questions he wanted asked, and not having documentary evidence all in violation of his due process rights under the Fourteenth Amendment. The court interprets Petitioner's claim as one of denial of due process.

For relief, Petitioner requested "[r]everse the decision by the lower courts to allow the Petitioner to proceed in forma pauperis in the case at hand." (Petition, p. 14). In the response to summary judgment, Petitioner requests that Respondent's motion for summary judgment be denied and his relief granted or "the conviction should be overturned and expunged from Petitioner's disciplinary record and all sanctions imposed should be uplifted." (Doc. #30 at 4).

Prison officials must accord an inmate minimal due process requirements for a disciplinary hearing, as such hearings could result in deprivation of a state-created liberty interest—good time credits. Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct.

2963, 41 L.Ed.2d 935 (1974). As set forth above, Petitioner asserts a violation of his due process asserting that his counsel substitute was ineffective. Inmates do not " 'have a right to either retained or appointed counsel in disciplinary hearings.' " Baxter v. Palmigiano, 425 U.S. 308, 315, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (quoting Wolff v. McDonnell, 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Therefore, Petitioner's claim that his counsel substitute was ineffective during his prison disciplinary proceeding lacks merit. See Lisenby v. Cartlege, 2015 WL 1146497 (D.S.C. March 13, 2015) (citing Decker v. Stephens, 2014 WL 657708, at *5 (S.D.Tex. Feb.14, 2014)).

To the extent he is asserting a claim for procedural due process outside of his ineffective counsel substitute claim, the Supreme Court outlined the following due process protections to which an inmate is entitled in a prison disciplinary proceeding that put the inmate's liberty interest at stake: 1) advance written notice of the charges; 2) a written statement citing the evidence relied upon and the reasons for the action taken; and 3) the inmate's right to call witnesses and present documentary evidence, if institutional safety will not be jeopardized. Id. at 563–67.

Petitioner asserts that he requested a witness and evidence for the hearing but did not have either. Petitioner attached two copies of Request to Staff Member dated November 28, 2013, and November 30, 2011, in which he stated that he needed Lt.

Wilson as a witness at his hearing and the cell check sheet for the day of November 8, 2013. The Request to Staff Member dated November 28, 2013, was addressed to " Mrs. L. Pollman, Admin. Assist." (Doc. #30-1 at 4). The Request to Staff Member dated November 30, 2013, was addressed to "Counsel substitute." (Doc. #30-1 at 6). The transcript from Petitioner's disciplinary hearing reflects the following

| | |
|---|---|
| DHO: | This is you're opportunity to tell us why you feel you're not guilty. |
| I/M: | Sh...I ain't do it. I mean, he got the wrong person or somethin'. |
| DHO: | Counsel, do you have anything on behalf of the accused? |
| C/S: | Yeah. I did speak to his witness, Lieutenant Wilson, and she did say that she saw him masturbating, um, and I also have a couple of witness. . . or Is...I have a couple of question for Blackburn as well. |
| DHO: | Go ahead. |
| C/S: | Um, Sergeant Blackburn, was he naked or did he have a jumpsuit on when he was doing this? |
| OFC: | He had his jumpsuit on. It was opened up. |
| C/S: | Was he just ma...was he masturbating or was he just standing there exposed? |
| OFC: | I saw his hand...his..his penis in his hand. |
| C/S: | Okay. Um, where were you standing when this act occurred? |

OFC:        I was standing....we had just shut the door to the cell next to his, and Lieutenant Wilson said, "Stop," and I looked over there and saw him.

C/S:        And where was Lieutenant Wilson standing?

OFC:        She was standing closer to his door, she was getting ready to walk away.

C/S:        Was he close to the door or was he further away form the door?

OFC:        He was right by the toilet.

C/S:        Okay

DHO:        Further questions, Counsel?

OFC:        He was standing up right by the toilet, which is right next to the door.

C/S:        No

DHO:        Further questions, Counsel?

C/S:        No.

(Doc. #24-4 at 3-4).

At the conclusion of the hearing, the hearing officer stated as follows:

> . . . I have provided you the opportunity to make a statement, present evidence, call witnesses on your behalf . . . .
>
> Inmate Goins, I have found you guilty of the offense that was brought against you today. The information that was

10

> used to arrive at this decision is the Incident Report, previously read int o the record, the uh, testimony of Sergeant Blackburn that his report was true and correct as written, the testimony of Counsel Substitute Buttrey, who interviewed, uh,. Lieutenant Wilson, and Wils..uh, witness called by yourself, who stated that, uh, you were masturbatimg. Sanctions that have been imposed: 360 days disciplinary detention; 540 days canteen, 540 days telephone; 725 days visitation; and 9 days loss of good time. You do have the right to appeal the sanctions portion of the charge and the determination of guilty. . . .

(Doc. #24-4 at 4-5).

In light of the foregoing transcript and the record in this case, Petitioner's due process rights were not violated. Petitioner has failed to show that he was not given an opportunity to make a statement or give testimony, present witnesses, or otherwise present his defense. He may not rely on beliefs, conjecture, speculation, or conclusory allegations to create a genuine issue of material fact. Barber v. Hosp. Corp. of Am., 977 F.2d 874–75 (4th Cir.1992). Based on the record presented, Petitioner was allowed the opportunity to present witnesses, to make a statement, and to otherwise present a defense.

Moreover, a decision by a prison disciplinary board satisfies due process if there is some evidence in the record to support the board's decision. Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). In Hill, the United States Supreme Court set out the constitutional evidentiary standard to be used when

11

courts review prison discipline decisions. The Supreme Court held that due process

is satisfied if there is "some" evidence to show that the inmate committed the offense.

Id. at 455. The Court declined to adopt a more stringent evidentiary standard as a

constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly
> charged atmosphere, and prison administrators must often
> act swiftly on the basis of evidence that might be
> insufficient in less exigent circumstances. The fundamental
> fairness guaranteed by the Due Process Clause does not
> require courts to set aside decisions of prison
> administrators that have some basis in fact.

Id. at 456 (internal citations omitted). The "some evidence" standard is a lenient one,

requiring no more than "a modicum of evidence," and is met if there is any evidence

in the record that could support the disciplinary board's decision. Id. at 455–56. This

standard requires "only that the decision not be arbitrary or without support in the

record." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir.1999). As the Hill Court

noted:

> Ascertaining whether this standard is satisfied does not
> require examination of the entire record, independent
> assessment of the credibility of witnesses or weighing of
> the evidence. Instead, the relevant question is whether
> there is any evidence in the record that could support the
> conclusion reached by the disciplinary board.

Hill at 455–56. Judicial review of prison disciplinary actions is, therefore, limited solely to a determination to whether there is some evidence in the record to support the DHO's decision.

Here, clearly there is some evidence in the record to support the hearing officer's decision. Further, the witness Petitioner states he wanted to testify was questioned by the counsel substitute. Counsel substitute informed the court that she had questioned Lt. Wilson who stated that she saw Petitioner masturbating. The hearing record reflects that the hearing officer (DHO) based his finding that Petitioner was guilty on the incident report and testimony of Blackburn, the SCDC officer who observed Petitioner committing the offense that was the basis for the disciplinary hearing. Specifically, the DHO found that Sergeant Blackburn's testimony and report "was true & correct as written, the testimony of Counsel Substitute Buttrey, who interviewed, uh, Lieutenant Wilson, and Wils..uh, witness called by yourself, who stated that, uh, you, were masturbating." (Doc.# 24–4 at 5]. This court finds that the evidentiary standard of Hill was satisfied in this case.

## CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (doc. #24) be GRANTED and Petitioner's petition for Writ of

Habeas Corpus be denied, and this petition dismissed.

Respectfully submitted,

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
June 8, 2015                                    United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**